**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NUCH TOMPUNU NGANTUNG, | No. 08-71181 |
| Petitioner, | Agency No. A078-020-285 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Nuch Tompunu Ngantung, a native and citizen of Indonesia, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Ngantung filed his asylum application within a reasonable period of time given any changed or extraordinary circumstances. *See* 8 C.F.R. § 1208(a)(4), (5); *Husyev v. Mukasey*, 528 F.3d 1172, 1178-81 (9th Cir. 2008). Accordingly, his asylum claim fails.

Substantial evidence supports the agency's finding that the harassment Ngantung experienced on account of his Christian religion and the threats made to him while working as a ship captain did not rise to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (being teased, discriminated against, harassed, and fired from job because of religious beliefs does not rise to the level of persecution); *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (threats constituted harassment rather than persecution). Substantial evidence further supports the agency's denial of withholding of removal, because Ngantung failed to demonstrate that it is more likely than not he would be persecuted on account of any protected ground. *See Nagoulko v. INS*, 333 F.3d at 1018. Finally, the record does not compel the conclusion that there is a pattern and practice of persecution against Christians in Indonesia. *See Lolong v.*

*Gonzales*, 484 F.3d 1173, 1180-81 (9th Cir. 2007) (en banc).  Accordingly, Ngantung's withholding of removal claim fails.

Substantial evidence supports the agency's denial of Ngantung's CAT claim because he failed to show it is more likely than not that he will be tortured if returned to Indonesia.  *See Wakkary,* 558 F.3d at 1067-68.

In his reply brief, Ngantung claims a violation of his due process rights based on ineffective assistance of counsel in preparing his asylum application.  We lack jurisdiction over this claim because Ngantung did not exhaust it before the agency.  *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (no jurisdiction to review due process claim where petitioner failed to exhaust the claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**